return of the order, and one day for finally examining all the papers, and making a certificate of conformity. So far as that order of reference. authorizes or requires the register to pass the last examination of the bankrupt in case there is no opposition, it is not a special order, because he is authorized and required to render that service by section four of the act and form No. 4, which is a general order.

Item 14. This charge of $2 for a discharge without opposition, is allowed. It is expressly given to the register by section forty-seven.

The result is, that the items objected to. amounting to $41.50, are allowed at $26.45.

## Case No. 11,938.

### In re ROBINSON.

[8 Ben. 406;[1] 14 N. B. R. 130.]

District Court, S. D. New York. March, 1876.

BANKRUPTCY — CONTESTING CLAIM OF DEBTOR — BURDEN OF PROOF.

A proof of debt having been filed by a creditor of a bankrupt, which the register had certified as satisfactory. and the register having issued an order, on the petition of the assignee, for the re-examination of the claim. the creditor appeared on the return day of the order, and offered himself for examination by the assignee, but declined himself to produce any further proofs. *Held*, that the creditor had conformed to the statute and rules, and that it was the duty of the assignee, if he wished to contest the proof of debt, to introduce opposing evidence.

[In the matter of William L. Robinson, a bankrupt.]

By the Register: [2][I, James F. Dwight, one of the registers in said court in bankruptcy, do hereby certify that, in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings. and was stated and agreed to by counsel for the opposing parties, to wit: Luke A. Lockwood. who appeared for the assignee in bankruptcy, and Rensselaer Ten Broeck, who appeared for Matthias B. Valentine, one of the creditors of said bankrupt.

[Matthias B. Valentine, on the 5th day of March, 1875, filed with the register proof of claim against said estate, of which a copy is hereto annexed, marked "A." That upon the petition of the assignee, the register issued an order for the re-examination of said claim, of which order a copy is annexed, marked "B." Upon the return day named in said order, the assignee appeared by his attorney, and the creditor appeared with his attorney. That the creditor, being called upon by the attorney for the assignee to produce his proofs in support of said claim, states that the creditor was present and ready to be examined in behalf of the assignee, if he de-

sired, and declined to produce any further proofs, maintaining that the claim was established prima facie by the proof of debt on file. and that the burden of proof to show its invalidity was upon the assignee. And thereupon the attorney for the assignee moved to expunge the said claim, upon the following grounds: First. That the burden of proof to support the claim rests upon the claimant. Second. That the proof of debt is in the nature of a complaint, and that the allegations therein are put in issue by the assignee, by his petition to re-examine the claim. which is in the nature of an answer; and that the plaintiff is bound to produce proof of his allegations before the assignee is called upon to go into proofs on his behalf in opposition. Motion denied, on the ground that the claimant has made sufficient prima facie proof of the claim in the proof of debt filed, and the register directs the assignee to go on with the petition, and to introduce such proof as he may have. And the assignee, stating that he has no proof to introduce at present, desires that the question "as to whether the register erred in holding that the proof of debt established a prima facie claim of the creditor, and placed the burden of proof on the assignee, on the petition for re-examination, and in refusing the motion," may be certified to the court, which request is granted, and the attorney for the assignee directed to prepare the certificate.

[As directed by the rules and practice of this court, I state as my opinion in the question raised, that the claimant, having made and filed a proof of debt, which is certified by the register as "satisfactory," and having, on the petition made by the assignee for a re-examination of the claim, offered himself for examination by the assignee, if he so pleased, has conformed to all the requirements of the statute and rules; and it is the duty of the assignee, if he wishes to contest said proof, to introduce such opposing evidence as he may have.][2]

BLATCHFORD, District Judge. I concur in the views of the register.

## Case No. 11,939.

### In re ROBINSON.

[6 Blatchf. 253;[1] 36 How. Prac. 176; 2 Am. Law T. Rep. Bankr. 18; 2 N. B. R. 341 (Quarto. 108).]

Circuit Court, S. D. New York. Nov. 30, 1868.

BANKRUPTCY — DEBT CREATED BY FRAUD — DISCHARGE—RECORDS—PRACTICE.

1. A judgment which, by section 33 of the bankruptcy act of March. 2d, 1867 (14 Stat. 533). will not be discharged by a discharge, because it is a debt created by the fraud of the bankrupt, is not. when proved in bankruptcy, subject to the provisions of the first clause of

[1] [Reported by Robert D. Benedict. Esq.. and Benj. Lincoln Benedict. Esq., and here reprinted by permission.]

[2] [From 14 N. B. R. 130.]

[2] [From 14 N. B. R. 130.]

[1] [Reported by Hon. Samuel Blatchford, District Judge. and here reprinted by permission.]